

**Signed October 25, 2012.**

_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**
_____

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ALFRED L. FERNANDEZ | § | Case No. 09-32896-HCM |
| Debtor. | § | (Chapter 7) |
| | § | |
| ALFRED L. FERNANDEZ, | § | |
| Plaintiff | § | Adv. No. 12-3015-HCM |
| | § | |
| vs. | § | |
| | § | |
| UNITED STATES OF AMERICA | § | |
| (INTERNAL REVENUE SERVICE), | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DE #7)**

This adversary proceeding has been brought by plaintiff, debtor and taxpayer Alfred L. Fernandez ("Plaintiff") against defendant United States of America, on behalf of the Internal Revenue Service ("Defendant" or "IRS"). Plaintiff filed this adversary proceeding to determine whether his federal income tax liabilities for the years 2003 and 2004 were discharged in this Chapter 7 bankruptcy case. Defendant has filed a Motion for Summary Judgment. For the reasons stated in this Memorandum Opinion, the Court grants the Motion for Summary Judgment (DE #7) filed by Defendant.

1

# I. PROCEDURAL BACKGROUND

On July 2, 2012, Plaintiff initiated this adversary proceeding by filing his Complaint to Determine Dischargeability of Income Taxes ("Complaint") (DE #1). In general, through the Complaint, Plaintiff requests the Court to determine that his federal tax obligations for the 2003 tax year and the 2004 tax year in the amount of approximately $60,520 ("Taxes") have been discharged in his Chapter 7 bankruptcy case. On July 23, 2012, Defendant filed its Answer to the Complaint ("Answer") (DE #3). In general, in its Answer, Defendant denied that the federal tax liabilities of Plaintiff for 2003 and 2004 have been discharged in this Chapter 7 bankruptcy case based on §523(a)(1)(B) of the Bankruptcy Code.

On September 25, 2012, Defendant filed a Motion for Summary Judgment and Supporting Memorandum ("Motion"), together with a supporting Declaration and Exhibits (DE #7). On October 9, 2012, Plaintiff filed its Response to the Motion ("Response") with Exhibit (DE #10). On October 12, 2012, Defendant filed its Reply to such Response ("Reply") (DE #11).

# II. JURISDICTION

The Court has jurisdiction over this adversary proceeding under 28 U.S.C §157 and §1334. This adversary proceeding is a "core proceeding" under 28 U.S.C. §157(b)(2)(I), and the Court is authorized to enter a final judgment in this adversary proceeding under 28 U.S.C. §157(b)(1).

# III. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure ("FRCP"), which governs a motion for summary judgment, is incorporated into Rule 7056 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

Summary judgment is appropriate when a movant shows that no genuine issue of material fact exists and that movant is entitled to judgment as a matter of law. *See* FRCP 56(a); *Piazza's Seafood World, LLC v. Odom,* 448 F.3d 744, 752 (5th Cir. 2006); *Placid Oil Co. v. Williams (In re Placid Oil Co.),* 450 B.R. 606, 612 (Bankr. N.D. Tex.

2

2011). A genuine issue of material fact is present when the evidence is such that a reasonable fact finder could return a verdict for the non-movant. *Piazza's Seafood,* 448 F.3d at 752 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). Material facts are those that could affect the outcome of the action. *Wyatt v. Hunt Plywood Co., Inc.,* 297 F.3d 405, 409 (5th Cir. 2002), *cert. denied,* 537 U.S. 1188 (2003).

In the summary judgment context, the court should view evidence in a light most favorable to the non-moving party. *Piazza's Seafood,* 448 F.3d at 752. Factual controversies should be resolved in favor of the non-movant. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994). If the movant satisfies its burden, the non-movant must then come forward with specific evidence to show that there is a genuine issue of material fact. *Placid Oil,* 450 B.R. at 613 (citing *Ashe v. Corley,* 992 F.2d 540, 543 (5th Cir.1993)). The non-movant may not merely rely on conclusory allegations or the pleadings; rather, it must demonstrate specific facts identifying a genuine issue to be tried in order to avoid summary judgment. *See* FRCP 56(c)(1); *Piazza's Seafood,* 448 F.3d at 752; *Placid Oil,* 450 B.R. at 613.

## IV. UNDISPUTED MATERIAL FACTS

Based on the summary judgment record, the following material facts are not in genuine dispute:

On December 31, 2009, Plaintiff, as debtor, filed a voluntary petition under Chapter 7 of the Bankruptcy Code in this Court, bankruptcy case no. 09-32896. On April 12, 2010, Plaintiff, as debtor, received his Chapter 7 bankruptcy discharge under §727 of the Bankruptcy Code. *See* Plaintiff's Bankruptcy case no. 09-32896 (DE #1, 10). On July 30, 2010, Defendant filed a Proof of Claim in the bankruptcy case for $60,520 as a general unsecured claim, based on unpaid federal income tax liabilities for the years 2003 and 2004 ("Proof of Claim") (DE #1, pp. 10-11).

With respect to federal taxes for the tax year ending December 31, 2003 ("2003 Taxes"), Plaintiff did not timely file a federal income tax return. On June 25, 2007, the IRS prepared a "substitute tax return" for Plaintiff under §6020(b) of the Internal Revenue Code ("IRC"). *See* IRS Certified Account Transcripts (DE #7, Ex. 1, p.2; Ex. 2). Plaintiff has not disputed that the IRS prepared a §6020(b) substitute return for the

3

2003 Taxes. Instead, Plaintiff contends that he filed a tax return for the 2003 Taxes by signing a Form 4549 Income Tax Examination Changes dated July 19, 2007 ("Form 4549") and that he was told his tax return for 2003 was officially filed with Defendant on July 29, 2007. *See* Form 4549 (DE #7, Ex. 4); Response (DE #10, p.5). The IRS Certified Account Transcript for the 2003 tax year does not reflect the filing of any tax return by Plaintiff for the 2003 year. (DE #7, Ex. 1, pp.1-4; Ex. 2). The Form 4549 signed by Plaintiff dated July 19, 2007 is qualified and conditional, as it has several handwritten notations and request for modifications by Plaintiff in various calculations. (DE #7, Ex. 4).

With respect to federal taxes for the tax year ending December 31, 2004 ("2004 Taxes"), Plaintiff filed a federal tax return (Form 1040) dated August 21, 2008 that was received by Defendant IRS on September 3, 2008. *See* Form 1040 (DE #7, Ex. 5); IRS Certified Account Transcript (DE #7, Ex. 1, p.5). Plaintiff has stated in an Answer to Interrogatories that "to the best of my knowledge, I submitted my 2004 tax return on or before April 15, 2005". *See* Response (DE #10, p. 5). The IRS Certified Account Transcript for the 2004 tax year does not reflect the filing of any tax return by Plaintiff for the 2004 year until September 3, 2008. Plaintiff's 2004 tax return that is part of the summary judgment record is dated August 21, 2008. (DE #7, Ex. 1, p. 5; Ex. 5, p. 2).

## V. LEGAL ANALYSIS

The disputed issue for this Court to determine is whether the unpaid federal income tax liabilities of Plaintiff for the tax year ending December 31, 2003 (herein "2003 Taxes") and for the tax year ending December 31, 2004 (herein "2004 Taxes") in the total amount of approximately $60,520, have been discharged in this Chapter 7 bankruptcy case.

Section 727 of the Bankruptcy Code permits the discharge of debts in a Chapter 7 bankruptcy case, but contains several exceptions. One of the exceptions to debt discharge are certain tax debts set forth in §523 of the Bankruptcy Code. *See* 11 U.S.C. §727(b); *McCoy v. Mississippi State Tax Comm'n (In re McCoy)*, 666 F.3d 924, 926 (5th Cir. 2012), *cert. denied*, 81 USLW 3680 (Oct. 1, 2012).

4

In the Motion, Defendant takes the position that the 2003 Taxes and 2004 Taxes of Plaintiff were not discharged in his bankruptcy case based on the exceptions for certain tax debts contained in §523(a)(1)(B) of the Bankruptcy Code. Conversely, Plaintiff contends that such taxes were discharged and genuine issues of material fact exist that preclude summary judgment in favor of Defendant. As Defendant seeks summary judgment on slightly different grounds with respect to the 2003 Taxes than for the 2004 Taxes, the Court will analyze each tax year separately.

**ISSUE #1- Are the 2003 Taxes excepted from discharge under §523(a)(1)(B)(i) of the Bankruptcy Code?**

In its Motion, Defendant posits that the 2003 Taxes owed by Plaintiff are excepted from his bankruptcy discharge under §523(a)(1)(B)(i) of the Bankruptcy Code, because a tax "return" for the 2003 tax year was not "filed" by Plaintiff. *See* Motion (DE# 7, pp.4-5).

In pertinent part, §523(a)(1)(B)(i) of the Bankruptcy Code provides:

> (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
>   (1) for a tax…—
>     (B) with respect to which a *return,* or equivalent report or notice, if required—
>       (i) *was not filed or given* ....

11 U.S.C. §523(a)(1)(B)(i) (emphasis added).

The meaning of the term tax "return" for bankruptcy discharge purposes is defined in the Bankruptcy Code. In 2005, Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (hereafter "BAPCPA"). As part of the BAPCPA amendments to the Bankruptcy Code, a hanging paragraph was added to §523(a), which defined the term "return" for bankruptcy discharge purposes. *See McCoy,* 666 F.3d at 927. This hanging paragraph of §523(a) is often identified as §523(a)(*), and provides:

> For purposes of this subsection, the term 'return' means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements). *Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code* of 1986, or similar

5

> State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, *but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code* of 1986, or a similar State or local law.

11 U.S.C. §523(a)(*)(emphasis added).

So, the hanging paragraph of §523(a)(*) is very clear in two respects—a tax return prepared by the IRS under §6020**(b)** of the Internal Revenue Code ("IRC") is not a "return" for bankruptcy discharge purposes, but a return prepared under §6020**(a)** of the IRC is a "return" for bankruptcy discharge purposes. In general, §6020(b) of the IRC authorizes the IRS to make a 6020(b) substitute tax return for a taxpayer that fails to timely file a tax return. See 26 U.S.C. §6020(b). Here, it is undisputed that Plaintiff did not timely file a tax return for the 2003 Taxes, which return would have been due in the year 2004. So, on June 25, 2007, Defendant IRS prepared a substitute tax return for Plaintiff under IRC §6020(b) for the 2003 tax year, a fact which Plaintiff has not disputed. (DE #7, Ex. 1, p.2; Ex. 2).

Instead, Plaintiff contends that he filed a tax return for the 2003 Taxes by signing a Form 4549 Income Tax Examination Changes dated July 19, 2007 (herein "Form 4549"), and that this Form 4549 qualifies as a return under IRC §6020(a). *See* Form 4549 (DE #7, Ex. 4, pp. 1-2); Response (DE #10, pp. 2-3). Thus, the issue becomes whether the Form 4549 signed by Plaintiff constitutes an IRC §6020(a) tax return within the meaning of §523(a)(*) of the Bankruptcy Code for bankruptcy discharge purposes. The Court concludes that the Form 4596 signed by Plaintiff in this case is not a tax return under IRC §6020(a), and thus is not a qualifying tax "return" within the meaning of §523(a)(*) of the Bankruptcy Code as a matter of law for several reasons.

In general, a return prepared pursuant to IRC §6020(a) is a return in which the IRS, in cooperation with the taxpayer, fills out a return, usually on a Form 1040 or Form 870, and the taxpayer signs the tax return. *See Bergstrom v. United States (In re Bergstrom),* 949 F.2d 341, 343 (10th Cir. 1991) (citations omitted).

The Form 4596 signed by Plaintiff does not comply with the statutory requirements to constitute a §6020(a) tax return. Section 6020(a) of the IRC provides the following statutory requirements:

6

> If any person shall fail to make a return required by this title or by regulations prescribed thereunder, but shall consent to disclose all information necessary for the preparation thereof, then, and in that case, the Secretary may prepare such return, which, being signed by such person, *may be received by the Secretary as the return of such person*. (emphasis added).

26 U.S.C. §6020(a).

Here, the Form 4596 relied upon and signed by Plaintiff dated July 19, 2007 (DE #7, Ex. 4) does not and cannot be considered a valid IRC §6020(a) return (and thus cannot be a return under §523(a)(*) of the Bankruptcy Code) for multiple reasons. First of all, the Form 4596 is simply not a tax return, and is neither on Form 1040, Form 870, or other substitute return form. Second, the Form 4596 was not received by the IRS (Secretary) as a return of the taxpayer Plaintiff—which is a statutory requirement for a valid §6020(a) return. The IRS Certified Account Transcript for the 2003 tax year (DE #7, Ex. 1, pp.2-4; Ex. 2) demonstrates that the IRS (Secretary) did not receive or treat the Form 4549 dated July 19, 2007 as a "return". Third, the Form 4549 signed by Plaintiff dated July 19, 2007 is qualified and conditional, as it has several handwritten notations and request for modifications by Plaintiff in various calculations. *See* Form 4549 (DE #7, Ex. 4, pp. 4-5). At best, the Form 4596 signed by Plaintiff is conditional consent to assessment of taxes, which simply does not qualify as a §6020(a) tax return.

In substance, Plaintiff seeks to expand the meaning of an IRC §6020(a) return so he can try to fit the Form 4596 he conditionally signed within the second sentence of §523(a)(*) of the Bankruptcy Code as an IRC §6020(a) "return", and consequently obtain discharge of his 2003 Taxes. This the Court cannot do. In *McCoy,* the Fifth Circuit recently described the second sentence of §523(a)(*) as carving out a "narrow" exception to the definition of return for an IRC §6020(a) tax return. *McCoy*, 666 F. 3d at 931; *see also Hernandez v. IRS (In re Hernandez)*, 2012 WL 78668 at *4 (Bankr. W.D. Tex. January 11, 2012) (concluding that the IRC §6020(a) return exception to the §523(a)(*) definition of return is a "narrow one"); *Green v. United States* (*In re Green)*, 472 B.R. 347, 359-360 (Bankr. W.D. Tex. 2012). In light of this narrow exception, the Court cannot accept Plaintiff's suggested interpretation that the conditional Form 4596 he signed somehow constituted an IRC §6020(a) tax return.

7

Plaintiff next argues that his 2003 Taxes and his 2004 Taxes have been discharged because the IRS (Defendant) filed the Proof of Claim for such taxes in his bankruptcy case as a general unsecured (and not a priority) claim. Plaintiff suggests that because the IRS filed an unsecured, non-priority Proof of Claim, it is evidence that the IRS considered the taxes to be dischargeable in bankruptcy. *See* Complaint (DE #1, pp.1-2); Response (DE #10, p.2); Proof of Claim (DE #1, pp.10-11).

Plaintiff cites no legal authority for this Proof of Claim argument. The Court rejects this argument, as Plaintiff is mixing apples with oranges. It is true that under §523(a)(1)**(A)** of the Bankruptcy Code, priority taxes of the kind set forth in §507(a)(8) are excepted from bankruptcy discharge. But Defendant IRS is not asserting the 2003 Taxes and 2004 Taxes are excepted from bankruptcy discharge under §523(a)(1)**(A)** as a priority tax claim; instead, Defendant IRS is asserting that such taxes are excepted from discharge under a different subsection—§523(a)(1)**(B)** of the Bankruptcy Code. *See* Motion (DE #7, pp. 4,6). The statutory language of §523(a)(1)**(A)** and §523(a)(1)**(B)** is written in the disjunctive—as demonstrated by the use of the word "or" between §523(a)(1)**(A)**, §523(a)(1)**(B)**, and §523(a)(1)**(C)**. If Defendant IRS was seeking to except the 2003 and 2004 Taxes from bankruptcy discharge as a §507(a)(8) priority claim under §523(a)(1)**(A),** then Plaintiff's argument may possibly have some merit. But that is not the case here—Defendant IRS is seeking to except the taxes from bankruptcy discharge under a separate subsection—§523(a)(1)**(B)**.

Furthermore, the purpose of filing a Proof of Claim in a Chapter 7 bankruptcy case is to obtain distributions from the bankruptcy estate of the debtor (here the bankruptcy estate of Plaintiff), and not the debtor himself (Plaintiff). *See* 11 U.S.C. §726(a) (property of the bankruptcy estate shall be distributed in accordance with certain priorities of filed proofs of claim).

Accordingly, the fact that the Defendant IRS filed a general unsecured Proof of Claim for the 2003 Taxes and 2004 Taxes against the bankruptcy estate of Plaintiff is of no consequence, and does not create a genuine issue of material fact with respect to the exception to discharge of either the 2003 Taxes or 2004 Taxes.

**ISSUE #1 CONCLUSION- The 2003 Taxes are excepted from discharge under §523(a)(1)(B)(i) of the Bankruptcy Code.**

The Court concludes, for any and all of these reasons, that there is no genuine dispute as to a material fact and that as a matter of law, there has not been a qualifying "return" for the 2003 Taxes filed or given by Plaintiff pursuant to IRC §6020(a) and §523(a)(*) of the Bankruptcy Code. Thus, the 2003 Taxes of Plaintiff are excepted from the bankruptcy discharge in this bankruptcy case under §523(a)(1)(B)(i) of the Bankruptcy Code, and the Motion of Defendant must be granted with respect to the 2003 Taxes.

**ISSUE #2- Are the 2004 Taxes excepted from discharge under §523(a)(1)(B)(ii) of the Bankruptcy Code?**

In its Motion, Defendant contends that the 2004 Taxes owed by Plaintiff are excepted from his bankruptcy discharge under §523(a)(1)(B)(ii) of the Bankruptcy Code, because the tax return for the 2004 Taxes was filed late and less than two years before Plaintiff filed bankruptcy. *See* Motion (DE #7, p.6).

In pertinent part, §523(a)(1)(B)(ii) of the Bankruptcy Code provides:

> (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
>   (1) for a tax…—
>     (B) with respect to which a return, or equivalent report or notice, if required—
>       (ii) *was filed* or given *after the date such return*, report, or notice *was last due*, under applicable law or any extension, *and after two years before the date of filing of the [bankruptcy] petition.*.

11 U.S.C. §523(a)(1)(B)(ii) (emphasis and bracket added).

In simple terms relevant here, under §523(a)(1)(B)(ii) if a tax return is (a) filed late and (b) filed less than two years before the debtor filed his bankruptcy petition, then the taxes are excepted from bankruptcy discharge. Without this exception to discharge, a taxpayer that failed to file a tax return for years could file tax returns late, then immediately file for bankruptcy, and get a discharge of his taxes without providing the IRS an opportunity to collect the taxes.

9

Here, for the 2004 tax year, Plaintiff filed a federal tax return (Form 1040) dated August 21, 2008 that was received by Defendant IRS on September 3, 2008. *See* Form 1040 for 2004 year (DE #7, Ex. 5); IRS Certified Account Transcript for 2004 year (DE#7, Ex. 1, p.5). Plaintiff filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code on December 31, 2009. Thus, on its face, the 2004 Taxes would be excepted from discharge under §523(a)(1)(B)(ii) because (a) the federal tax return for the 2004 Taxes was filed by Plaintiff after it was due (it was filed in September 2008 and was due in 2005) and (b) the federal tax return was filed in September 2008, which is within two years of Plaintiff's bankruptcy filing on December 31, 2009.

Plaintiff has attempted to create a fact issue with respect to the time that he filed his 2004 tax return. Plaintiff claims that the 2004 tax return received by the IRS in September 2008 was "re-submitted" by Plaintiff because the IRS had not received his 2004 return. *See* Response (DE #10, pp.3, 5-6). Critically, in this regard, Plaintiff states in an Answer to Interrogatories that "to the best of my knowledge, I submitted my 2004 tax return on or before April 15, 2005". (DE #10, p. 5). But Plaintiff does not state in his Answer that he "filed" such tax return in 2005 (only that he "submitted" it). Plaintiff also does not state where he submitted or filed the tax return in 2005 (whether it was to the IRS at a certain address or somewhere else), does not state how the tax return was sent (by physical delivery, regular mail, registered mail, or what other means), and does not state the actual date that he submitted or filed the tax return in 2005. These lack of important specifics in Plaintiff's statement do not show "specific facts" that are required by a non-movant to show a genuine issue for trial under FRCP 56. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)(applying former FRCP 56(e)); *see also* FRCP 56(c)(1); *Piazza's Seafood,* 448 F.3d at 752; *Placid Oil,* 450 B.R. at 613.

As the U.S. Supreme Court has emphasized, "when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show some metaphysical doubt as to the material facts…the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there is no *genuine* issue of *material* fact." *See Scott v. Harris*, 550 U.S. 372, 380-81 (2007)(citations omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)(the "mere existence of a scintilla of

10

evidence" in support of a non-movant's position is not sufficient to preclude summary judgment). Here, at best what is provided is a scintilla of evidence that "to the best of his knowledge", Plaintiff "submitted" his 2004 tax return in 2005 to someone, somewhere, at some time on or before April 15, 2005.

Besides the lack of specifics in his statement, Plaintiff has not provided the Court with a copy of the 2004 tax return that he says he timely filed in 2005, and if such tax return does exist, it is not part of the summary judgment record. Furthermore, Plaintiff has not provided the Court with any proof that he physically delivered or mailed (by registered mail or postmarked envelope), the 2004 tax return to Defendant IRS timely on or before April 15, 2005. And if there is any such proof, it is not part of the summary judgment record. Significantly, Plaintiff has also admitted in his Response that the tax returns he filed were "not timely". *See* Response (DE #10, p. 2, ¶3). The summary judgment record does not reflect the filing of any tax return by Plaintiff with the Defendant IRS for the 2004 year until September 2008—which is well after April 2005. See IRS Certified Account Transcript for the 2004 tax year (DE #7, Ex. 1, p.5). Also, the only 2004 tax return that is part of the summary judgment record is dated August 21, 2008 (DE #7, Ex. 5, p. 2)—which is well after April 2005. Even if the summary judgment evidence is viewed in the light most favorable to the non-movant Plaintiff, he has failed to create a genuine issue of material fact with respect to the timely filing of his tax return for the 2004 Taxes.

In its Reply, Defendant contends that Plaintiff's unsubstantiated statement that "to the best of my knowledge" he submitted the 2004 tax return in 2005 is insufficient competent summary judgment evidence to create a fact issue on the timing of the filing of his 2004 tax return. *See* Reply (DE #11, pp. 4-5). This Court agrees with the IRS in this regard. *See Lopez-Carrasquillo v. Rubianes*, 230 F.3d 409, 414 (1st Cir. 2000)(citations omitted) (a "to the best of my knowledge" affidavit submitted by non-movant is insufficient, as FRCP 56 requires affidavits to be made based on personal knowledge and set out facts that would be admissible in evidence).

Just as importantly, as a matter of law, a taxpayer's testimony by itself is not sufficient to establish that a tax return was filed when the IRS has no record of receipt of such tax return. This well-established rule has been recognized in several cases cited

by Defendant. *See Surwoka v United States,* 909 F. 2d 148, 148-49 (6th Cir. 1990) (taxpayer's attempt to prove, by circumstantial evidence, that taxpayer timely filed a tax return will not defeat a summary judgment motion, when IRS had no record of receipt of such return and taxpayer failed to show that he sent the tax return by physical delivery or by certified or registered mail under 26 U.S.C. §7502); *Simms v. United States*, 867 F. Supp. 451, 454 (W.D. La. 1994)(recognizing that such rule is harsh but objective, and granting summary judgment in favor of IRS when taxpayer failed to produce evidence of delivery of tax refund claim to IRS); *In re O'Neill*, 134 B.R. 48, 49-50 (Bankr. M.D. Fla. 1991)(citations omitted)(taxpayer-debtor's testimony by itself, was insufficient to overcome presumption that return was not filed when IRS had no record of receipt of such return).

In the context of the failure to timely file tax returns for bankruptcy discharge purposes, the courts have consistently followed this rule and excepted such taxes from bankruptcy discharge. *See e.g., Pizzuto v. IRS*, 384 B.R. 105, 111-12 (Bankr. N.J. 2008)(supporting citations omitted) (recognizing that no Circuit Court has allowed self serving, non-corroborated testimony by a debtor-taxpayer that he filed a tax return to constitute proof of timely filing of tax return, and finding such taxes were excepted from discharge); *In re Young*, 230 B.R. 895, 897-98 (Bankr. S.D Ga. 1999)(stating that no matter how credible the debtor's testimony, it is "insufficient as a matter of law" to support a finding that a tax return was filed, absent a showing of a postmarked envelope or registered mail receipt under 26 U.S.C. §7502); *In re Grable*, 188 B.R. 595, 596 (Bankr. W.D. Mo. 1995)(debtor's corroborated testimony of mailing tax return without postmark, was not sufficient to overcome evidence produced by IRS as to the date of late receipt by IRS of tax return, and finding such taxes to be excepted from discharge).

So for these reasons as well, Plaintiff's summary judgment evidence—his statement that he "submitted" his 2004 federal tax return on or before April 15, 2005—is insufficient to create a genuine issue of material fact that would preclude summary judgment. *See Wyatt,* 297 F.3d at 409 (for summary judgment purposes, material facts are only those facts that could affect the outcome of the suit).

**ISSUE #2 CONCLUSION- The 2004 Taxes are excepted from discharge under §523(a)(1)(B)(ii) of the Bankruptcy Code.**

The Court concludes, for any and all of these reasons, there is no genuine dispute as to a material fact and that as a matter of law, that (a) the federal tax return for the 2004 Taxes was filed by Plaintiff in September 2008 and after it was due in 2005; and (b) the federal tax return for the 2004 Taxes was filed in September 2008, which is within two years of Plaintiff's bankruptcy petition filing on December 31, 2009. Thus, the 2004 Taxes of Plaintiff are excepted from the bankruptcy discharge in this bankruptcy case under §523(a)(1)(B)(ii) of the Bankruptcy Code, and the Motion of Defendant must be granted with respect to the 2004 Taxes.

## VI. CONCLUSION AND ORDER

In sum, the Court concludes that there is no genuine issue of material fact and as a matter of law, the 2003 Taxes and 2004 Taxes owed by Plaintiff and that are the subject of his Complaint have not been discharged in this bankruptcy case, and that the Motion for Summary Judgment filed by Defendant should be granted.

Accordingly, it is hereby

**ORDERED** that the Motion for Summary Judgment (DE #7) filed by Defendant is granted; it is further

**ORDERED** that Plaintiff's Complaint should be dismissed and the relief sought in the Complaint should be denied.

A separate judgment will be entered by the Court of even date herewith that incorporates this Opinion and Order.

###